IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL
 f/k/a/ John L. Burton,
    Petitioner,

vs.                                  Case No. 3:05cv183/RV/MD

LUCY HADI, Secretary,
 Florida Department of Children and Families,
    Respondent.

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

In this habeas action, petitioner challenges his 2001 civil commitment under the Jimmy Ryce Act entered in the Escambia County Circuit Court in case number 99-1507-CA. His petition raises one claim: "Does the Ryce Act require that the current incarceration be for a sexually violent offense?" (Doc. 1, p. 4). Petitioner admits on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his confinement. The court's records confirm that on September 5, 2002 petitioner filed a § 2254 petition in this court challenging the same civil commitment. (See *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD). That petition was denied. (*Id.*, docs. 197, 205 & 206). On June 7, 2005 the United States Court of Appeals for the Eleventh Circuit denied petitioner's motion for certificate of appealability and dismissed his appeal. (See www.pacer.ca11.uscourts.gov, Case Number 04-16658).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.[1] This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. See *Fugate v. Dep't of Corrections*, 310 F.3d 1287, 1288 (11th Cir.), *cert. denied*, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002). For this reason, this case will be dismissed without prejudice to allow petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Accordingly, it is respectfully RECOMMENDED:

That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 15th day of June, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] On May 20, 2005 this court entered an order directing petitioner to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit Court of Appeals' order authorizing him to file a second or successive § 2254 petition. (Doc. 3). Petitioner responded by arguing that a habeas claim that has not been adjudicated in a prior habeas proceeding "is not barred by the successive writ rule." (Doc. 4). This argument does not overcome the requirements of § 2244(b)(3)(A) and Rule 9 of the Rules Governing Section 2254 Cases.

*Case No: 3:05cv183/RV/MD*